FILED

MAR 2 1 2016

MARY C. LOEWENGUTH, CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

DEREK A. HEYLIGER,

Plaintiff,

v.

JOYCE KRYGIER, S. CASACELI,
PAUL BLACK, DALE ARTUS,
BRIAN FISHER, and BEALL,

Defendants.

_____

**DECISION AND ORDER**

6:14-CV-6123 EAW

## INTRODUCTION

*Pro se* Plaintiff Derek A. Heyliger ("Plaintiff"), an inmate previously confined at the Wende Correctional Facility ("Wende"), commenced the instant action on March 13, 2014. (Dkt. 1). Plaintiff alleged various claims arising out of his confinement at both Wende and the Clinton Correctional Facility ("Clinton") located in Dannemora, New York. (*Id.*). On May 21, 2014, the Court entered an Order severing the allegations related to Plaintiff's confinement at Clinton and transferring them to the United States District Court for the Northern District of New York and directing Plaintiff to file an amended complaint regarding only his claims related to events occurring at Wende. (Dkt. 7).

Plaintiff filed an Amended Complaint on June 19, 2014. (Dkt. 8). On July 14, 2014, the Court entered an Order dismissing all claims against the New York State Department of Corrections and Community Supervision ("DOCCS") and Defendant Gregory and dismissing all claims for monetary damages against the remaining Defendants in their official capacities. (Dkt. 9). The following claims were permitted to proceed pursuant to 42

- 1 -

U.S.C. § 1983: (1) claims for prospective relief against Defendants in their official capacities; (2) claims for excessive force, equal protection, and First Amendment claims against Defendant Black; (3) claims for failure to train/supervise against Defendants Casaceli, Artus, Fischer, and Beall; and (4) claims that Defendants Krygier and Casaceli interfered with Plaintiff's access to physical evidence regarding the alleged use of excessive force. (*Id.* at 5-7).

On February 18, 2015, Defendants filed the instant motion to dismiss Plaintiff's Amended Complaint in part. (Dkt. 13). In particular, Defendants seek dismissal of (1) any claim for prospective relief against Defendants in their official capacities and (2) the failure to train/supervise claims against Defendants Artus and Fischer. (*Id.*). Plaintiff filed a response on March 18, 2015 (Dkt. 15), and Defendants filed a reply on March 26, 2015 (Dkt. 16).

For the reasons set forth below, Defendants' motion to dismiss is granted.

## FACTUAL BACKGROUND

Plaintiff alleges that on May 24, 2012, he was engaged in a physical fight with another inmate in the A-Block yard at Wende. (Dkt. 8 at ¶ 18). According to Plaintiff, Defendant Black ran into the yard in response to the fight and "ran up from behind Plaintiff, and physically struck Plaintiff over the top middle section of his scalp/head with his prison issued baton," thereby causing serious physical injury. (*Id.* at ¶¶ 19-20). Plaintiff claims that Defendant Black struck him without warning and that when Plaintiff protested this treatment, Defendant Black said, "Shut up nigger, before I hit you again." (*Id.* at ¶¶ 21-24).

Plaintiff alleges that he was subsequently treated for his injury at the Erie County Medical Center in Buffalo, New York, and that he received 14 staples to his scalp. (*Id.* at ¶¶ 29-31).

With respect to Defendants Artus and Fischer, Plaintiff alleges the following: Defendant Artus is the Superintendent at Wende (*id.* at ¶ 12); Defendant Fischer is the Commissioner of DOCCS (*id.* at ¶13); Defendants Artus and Fischer "failed with deliberate indifference to plaintiff[']s health and safety to adequately train and/or properly discipline Defendant Black on how to use force with a weapon, (such as a prison issued baton) when reasonably required without using excessive force" (*id.* at ¶ 55); Defendants Artus and Fischer "callously fail[ed] to adequately train Defendant Black how to gain control when excessive force is not required" (*id.* at ¶ 66); Defendants Artus and Fischer enforced a policy of recycling video tapes every 14 days (*id.* at ¶ 83); and Defendants Artus and Fischer "upheld" a policy of requiring sergeants to sign Special Housing Unit inmates disbursement forms prior to processing (*id.* at ¶ 99).

## DISCUSSION

### I.   Standard of Review

"'In considering a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a district court must limit itself to facts stated in the complaint or in documents attached to the complaint as exhibits or incorporated in the complaint by reference.'" *Newman & Schwartz v. Asplundh Tree Expert Co.*, 102 F.3d 660, 662 (2d Cir. 1996) (quoting *Kramer v. Time Warner, Inc.*, 937 F.2d 767, 773 (2d Cir. 1991)).   A court should consider the motion "accepting all factual allegations in the complaint and drawing all reasonable inferences in the plaintiff's favor." *Ruotolo v. City of N.Y.*, 514 F.3d 184, 188

(2d Cir. 2008) (internal quotations and citation omitted).  To withstand dismissal, a plaintiff must set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Turkmen v. Ashcroft*, 589 F.3d 542, 546 (2d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (alteration in original) (internal quotations and citations omitted).  Thus, "at a bare minimum, the operative standard requires the plaintiff [to] provide the grounds upon which his claim rests through factual allegations sufficient to raise a right to relief above the speculative level." *Goldstein v. Pataki*, 516 F.3d 50, 56 (2d Cir. 2008) (alteration in original) (internal quotations and citations omitted).

Additionally, "[i]t is well settled that *pro se* litigants generally are entitled to a liberal construction of their pleadings, which should be read to raise the strongest arguments that they suggest." *Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001) (internal quotation marks omitted); *see also Hemphill v. New York*, 380 F.3d 680, 687 (2d Cir. 2004) ("It is well-established that 'when [a] plaintiff proceeds *pro se* . . . a court is obliged to construe his pleadings liberally, particularly when they allege civil rights violations.'") (quoting *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004)).  Moreover, "a *pro se* litigant

should be afforded every opportunity to demonstrate that he has a valid claim." *Bobal v. Rensselaer Polytechnic Inst.*, 916 F.2d 759, 762 (2d Cir. 1990) (alteration in original) (internal quotation marks omitted).

## II.    Plaintiff's Request for Prospective Relief

Defendants argue that Plaintiff's requests for prospective relief against them in their official capacities should be dismissed because Plaintiff is no longer housed at Wende. (Dkt. 14 at 22-23).  "Claims against state employees in their official capacity are deemed claims against the state itself, and are barred by the Eleventh Amendment." *Coleman v. Beale*, 636 F. Supp. 2d 207, 212 (W.D.N.Y. 2009).  Although "prospective injunctive relief is available against individuals being sued in their official capacities," *Kanciper v. Lato*, 989 F. Supp. 2d 216, 233 (E.D.N.Y. 2013), "[a] prisoner's transfer to a different correctional facility generally moots his request for injunctive relief against employees of the transferor facility." *Thompson v. Carter*, 284 F.3d 411, 415 (2d Cir. 2002); *Rosales v. Wright*, No. 10-CV-6044L, 2012 WL 87123, at *1 (W.D.N.Y. Jan.11, 2012) ("It is settled in this Circuit that a transfer from a prison facility moots an action for injunctive relief against the transferring facility. . . .") (quotation omitted).

Here, it is undisputed that Plaintiff is no longer housed at Wende.  Plaintiff has not proffered any plausible reason why he would be entitled to prospective relief against Defendants who are employed at Wende.  His claims for prospective relief against all Defendants who are employed at Wende (*i.e.* all Defendants except Defendant Fischer) are thus moot and subject to dismissal.

Defendant Fischer is the Commissioner of DOCCS and is not employed at Wende. However, as Defendants correctly argue, none of the allegations in Plaintiff's Amended Complaint support the finding that Plaintiff has standing to seek prospective relief.   As the Second Circuit has explained:

> In order to meet the constitutional minimum of standing to seek injunctive relief, [a plaintiff] must carry the burden of establishing that he has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged official conduct.   In doing this, he cannot rely on past injury to satisfy the injury requirement but must show a likelihood that he . . . will be injured in the future.

*Shain v. Ellison*, 356 F.3d 211, 215 (2d Cir. 2004) (citations and internal quotation marks omitted).   Here, Plaintiff has not offered any plausible reason why his claims regarding one alleged incident of excessive use of force at Wende would support a finding that he is likely to be injured in the future, particularly given his subsequent transfer.   Plaintiff has failed to allege any facts sufficient to show that he has standing to seek prospective injunctive relief.

As a result of the foregoing, Plaintiff's claims against Defendants in their official capacities must be dismissed.

## III.   Plaintiff's Failure to Train/Supervise Claim Against Defendants Artus and Fischer

Defendants Artus and Fischer argue that they are entitled to dismissal of the claims against them because the allegations of the Amended Complaint do not show that they were personally involved in the alleged deprivation of Plaintiff's constitutional rights. (Dkt. 13-1 at 11-14).

In a § 1983 case such as this one, "as to each defendant, plaintiff must allege facts showing the defendant's personal involvement in the alleged constitutional violation.   To

make such a showing, it is not enough to allege that the defendant played some sort of supervisory role, since there is no *respondeat superior* liability in § 1983 cases." *Rivera v. Lempke*, 810 F. Supp. 2d 572, 576 (W.D.N.Y. 2011). Plaintiff argues that he has adequately alleged personal involvement by Defendants Artus and Fischer because they knew or reasonably should have known about the fight that resulted in injury to Plaintiff and because Plaintiff sent an appeal of his grievance regarding the incident to Defendants Artus and Fischer. (Dkt. 15 at 8).

Plaintiff's conclusory failure to train allegations regarding Defendants Artus and Fischer are insufficient to establish personal involvement. *See Murphy v. Goord*, 445 F. Supp. 2d 261, 265 (W.D.N.Y. 2006) ("A complaint that essentially regurgitates the relevant personal involvement standard, without offering any facts indicating that, or how, an individual defendant in a supervisory role was personally involved in a constitutional violation, cannot withstand dismissal.") (quotation omitted); *Cox v. Fischer*, No. 13-CV-743M, 2014 WL 843897, at *2 (W.D.N.Y. Feb. 27, 2014) ("plaintiff's conclusory assertion, unsupported by any factual allegations, that Commissioner Fischer failed to properly train and supervise his subordinates does not suffice to establish personal involvement in the alleged constitutional violations"); *Pacheco v. Fischer*, No. 9:09-CV-614, 2011 WL 831524, at *2 (N.D.N.Y. Jan. 19, 2011), *report and recommendation adopted*, 2011 WL 830266 (N.D.N.Y. Mar. 3, 2011) ("Plaintiff's conclusory allegations that defendant Fischer failed to properly train staff and supervise employees at one of the many facilities in his Department is not enough to establish his personal involvement in the violations alleged by plaintiff.").

With respect to Plaintiff's argument that Defendants Artus and Fischer knew of his complaints because he sent them his appeal, a supervisory prison official's knowledge that a complaint has been made is insufficient to establish personal involvement. *See McGee v. Pallito*, No. 1:10-CV-11, 2011 WL 6291954, at *12 (D. Vt. Aug. 3, 2011), *report and recommendation adopted*, No. 1:10-CV-11-JGM-JMC, 2011 WL 6294202 (D. Vt. Dec. 15, 2011) (collecting cases). "Were it otherwise, virtually every prison inmate who sues for constitutional torts by prison guards could name the Superintendent as a defendant since the plaintiff must pursue his prison remedies . . ., and invariably the plaintiff's grievance will have been passed upon by the Superintendent." *Thompson v. New York*, No. 99CIV.9875(GBD)(MHD), 2001 WL 636432, at *7 (S.D.N.Y. Mar. 15, 2001).

Indeed, "the receipt of letters or grievances, by itself, does not amount to personal involvement." *Mateo v. Fischer*, 682 F. Supp. 2d 423, 430 (S.D.N.Y. 2010) (citing *Sealey v. Giltner*, 116 F.3d 47, 51 (2d Cir. 1997)); *see also* Dorsey v. Fisher, No. 9:09-CV-1011 (GLS)(DEP), 2010 WL 2008966, at *12 (N.D.N.Y. May 19, 2010) ("An allegation that an official ignored a prisoner's letter of protest or a request for an investigation of allegations contained in the letter is insufficient to hold that official liable for the alleged violations."). In other words, the fact that Defendants Artus and Fischer were allegedly aware of the violation of Plaintiff's rights and failed to conduct an investigation does not establish personal involvement.

In sum, the allegations set forth in the Amended Complaint fail to allege personal involvement in the alleged violation of Plaintiff's constitutional rights by Defendants Artus and Fischer. The claims against these Defendants must be dismissed.

## CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss (Dkt. 13) is granted. The Clerk of the Court is directed to dismiss Defendants Artus and Fischer from this case, and to amend the caption to reflect that Defendants are sued in their individual capacities only. The remaining Defendants are ordered to answer the claims remaining in the Amended Complaint within 20 days of entry of this Decision and Order.

SO ORDERED.

ELIZABETH A. WOLFORD
United States District Judge

Dated: March 21, 2016
       Rochester, New York