UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DEREK A. HEYLIGER

                                                          DECISION & ORDER
                                                          AND AMENDED
                                                          SCHEDULING ORDER

                              Plaintiff,

                                                          14-CV-6123W

               v.

JOYCE KRYGIER et al.,

                              Defendants.
_____


          Plaintiff Derek A. Heyliger ("Heyliger") filed this action *pro se* asserting that the

defendants, Joyce Krygier, S. Casaceli, Paul Black, and Beall (collectively, "defendants")

violated his constitutional rights during his incarceration at Wende Correctional Facility.

(Docket # 8).  Currently pending before the Court is Heyliger's motion to compel responses to

interrogatories and a document request, to extend the scheduling order, and for costs.  (Docket

# 45).  For the reasons discussed below, Heyliger's motion is granted in part and denied in part.

          Heyliger maintains that he propounded four sets of interrogatories and his second

request for production of documents to defendants on December 28, 2016.  (Docket # 45).

Heyliger further maintains that defendants failed to respond to those discovery requests within

the thirty-day deadline set forth in Rules 33 and 34 of the Federal Rules of Civil Procedure.

(*Id.*).  A review of the docket, however, reveals that the defendants responded to the discovery

requests on February 2, 2017, the same day on which Heyliger apparently served the pending

motion.  (Docket ## 40-44).  Accordingly, his request for an order compelling the responses

(**Docket # 45**) is **DENIED as MOOT**.

Heyliger also seeks costs in connection with the motion.  (Docket # 45).  Rule 37 of the Federal Rules of Civil Procedure provides that if a motion to compel is granted or if the "requested discovery is provided after the motion was filed – the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A).  Courts are afforded broad discretion in imposing sanctions. *Corporation of Lloyd's v. Lloyd's U.S.*, 831 F.2d 33, 36 (2d Cir. 1987) (citing *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 642 (1976)).  A request for fees may be denied where (1) the movant did not make a good faith effort to resolve the dispute before filing the motion; (2) the non-moving party's failure to provide the discovery response was "substantially justified"; or (3) the award of fees would be unjust.  Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii).

As an initial matter, the Court has not granted Heyliger's motion to compel, because the responses have already been provided.  In any event, although Heyliger seeks costs in connection with the motion, he has failed to demonstrate his costs or that he made a good faith effort to resolve the dispute with defendants before filing the motion.  Accordingly, that portion of Heyliger's motion seeking costs (**Docket # 45**) is **DENIED**.  *See* Fed. R. Civ. P. 37(a)(5)(A)(i); *Lozano v. Peace*, 2005 WL 1629644, *2-3 (E.D.N.Y. 2005) (declining to grant request for costs where *pro se* plaintiff failed to demonstrate any expenditures).

Finally, Heyliger seeks a sixty-day extension of the scheduling order.  (Docket # 45).  On February 8, 2017, during a telephone call with chambers staff, counsel for defendants advised the Court that they did not object to Heyliger's request for the extension.  Accordingly,

2

that portion of Heyliger's motion (**Docket # 45**) that seeks an extension of the scheduling order

is **GRANTED**.  It is hereby

ORDERED, that the current scheduling order (Docket # 28) is amended as

follows:

1.      All discovery in this case shall conclude on **March 20, 2017**.  All motions

to compel discovery shall be made returnable on or before **April 17, 2017**.

2.      All dispositive motions shall be filed no later than **July 5, 2017**.  **NOTE:**

**If the dispositive motion is filed against a party who is appearing in this action** *pro se***, the**

**moving party must include the advisement set forth in the notice attached to this Order.**

3.      Responding papers are due by **August 2, 2017**.  Reply papers, if any, shall

be filed by **August 16, 2017**.  The motion will be taken under advisement without oral argument.

4.      If no dispositive motions are filed, defense counsel shall notify the Court

in writing on or before the dispositive motion deadline date.

5.      No extension of the above cutoff dates will be granted except upon written

joint motion, filed prior to the cutoff date, showing good cause for the extension.

6.      **In accordance with Fed. R. Civ. P. 16(f), if a party or party's attorney**

**fails to obey this scheduling order or fails to participate in good faith, this Court will enter**

**appropriate sanctions against that party or that party's attorney, including dismissal of**

**this action, if appropriate.**

**IT IS SO ORDERED.**

_____
                                  *s/Marian W. Payson*
                              MARIAN W. PAYSON
                              United States Magistrate Judge

Dated: Rochester, New York
         February 9, 2017

### *PRO SE* NOTICE

Plaintiff is hereby advised that the defendant has asked the Court to decide this case without a trial, based on written materials, including affidavits, submitted in support of the motion.  **THE CLAIMS PLAINTIFF ASSERTS IN HIS/HER COMPLAINT MAY BE DISMISSED WITHOUT A TRIAL IF HE/SHE DOES NOT RESPOND TO THIS MOTION** by filing his/her own sworn affidavits or other papers as required by Rule 56(e).  An affidavit is a sworn statement of fact based on personal knowledge that would be admissible in evidence at trial.

In short, Rule 56 provides that plaintiff may NOT oppose summary judgment simply by relying upon the allegations in the complaint.  Rather, plaintiff must submit evidence, such as witness statements or documents, countering the facts asserted by the defendant and raising issues of fact for trial.  Any witness statements, which may include plaintiff's own statements, must be in the form of affidavits.  Plaintiff may file and serve affidavits that were prepared specifically in response to defendant's motion for summary judgment.

Any issue of fact that plaintiff wishes to raise in opposition to the motion for summary judgment must be supported by affidavits or by other documentary evidence contradicting the facts asserted by defendant.  If plaintiff does not respond to the motion for summary judgment on time with affidavits or documentary evidence contradicting the facts asserted by defendant, the Court may accept defendant's factual assertions as true.  Judgment may then be entered in defendant's favor without a trial.

Pursuant to Rules 7(a) and 56(a) of the Local Rules of Civil Procedure for the Western District of New York, plaintiff is required to file and serve the following papers in opposition to this motion: (1) a memorandum of law containing relevant factual and legal argument; (2) one or more affidavits in opposition to the motion; and (3) a separate, short, and concise statement of the material facts as to which plaintiff contends there exists a genuine issue to be tried, followed by citation to admissible evidence.  In the absence of such a statement by plaintiff, all material facts set forth in defendant's statement of material facts not in dispute will be deemed admitted.  A copy of the Local Rules to which reference has been made may be obtained from the Clerk's Office of the Court.

If plaintiff has any questions, he/she may direct them to the Pro Se Office.

Plaintiff must file and serve any supplemental affidavits or materials in opposition to defendant's motion no later than the date they are due as provided in Rule 7(b) of the Local Rules of Civil Procedure for the Western District of New York.